IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Facility Gateway Corporation | Docket No. 1:11-cv-00085-SPB |
| Plaintiff, | |
| v. | ELECTRONICALLY FILED PLEADING |
| Infinite Power & Energy, LLC. and Shawn Vaught | **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS** |
| Defendants. | |
| | Filed on behalf of Defendants: Infinite Power & Energy, LLC. and Shawn Vaught |
| | Counsel of Record for these parties: |
| | William T. Morton, Esquire PA Id. No. 30307 3213 West 26th Street Erie, PA 16506 |
| | Telephone: (814) 520-8700 Fax: (814) 836-1140 Email: wtmorton@erie.net |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Facility Gateway Corporation<br>    Plaintiff,<br><br>        v.<br><br>Infinite Power & Energy LLC. and<br>Shawn Vaught<br>        Defendants. | : Docket No. 1:11-cv-00085-SPB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

NOW COME the defendants, Infinite Power & Energy, LLC and Shawn Vaught by and through their attorney, William T. Morton, Esquire and respectfully submits this Answer, Affirmative Defenses & Counterclaims and states as follows:

1.  The allegations set forth in paragraph one are neither admitted nor denied. The plaintiff's complaint speaks for itself and can be read on its own terms. No further answer is required.

2.  Admitted.

3.  Admitted and denied. The defendant Infinite Power & Energy, LLC is no longer operating and is no longer located at 8000A Middle Road, Fairview Pennsylvania 16415.

4.  Admitted.

5.  Admitted

6.  Admitted

7.  Admitted

8.  Admitted

9. Denied. The parties agreed to the plaintiff's purchase of one 1100KW generator for the Tampa Bay project. The cost was approximately 115,000 plus $8,000.00 delivery costs.

10. Admitted.

11. Admitted and denied. The money was tendered on or about August 16, 2010.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted and denied. The check was not tendered until the end of October.

16. The defendants are without sufficient knowledge or information to form a belief as to the veracity of the plaintiff's allegation set forth in paragraph 16. Therefore this allegation is denied and strict proof is demanded at trial.

17. Denied. There were no delivery dates in the purchase orders or emails. Further, the plaintiff was aware that it was required to pay the defendant in full before the generators would be shipped.

18. The defendants are without sufficient knowledge or information to form a belief as to the veracity of the plaintiff allegation in paragraph 18. Therefore this allegation is denied and strict proof is demanded at trial.

19. Denied. The defendants always intended to deliver the generators.

20. Admitted & denied. The plaintiff did not have funds to pay for the generators it purchased and offered to sell two 500KW generators to the defendant in exchange for a credit against the money it owed the defendant. Infinite Power issued a purchase order dated 10/21/2010.

21. Admitted. The generators were released on or about October 28, 2010.

22. Admitted and denied. Plaintiff requested that the $30,000.00 credit be issued.

23. Admitted & denied. The defendants admit that the generator was returned to plaintiff. The defendants are without sufficient knowledge or information to form a belief as to the veracity of the plaintiff's allegation regarding a $2,276.51 expenditure. Therefore this allegation is denied and strict proof is demanded at trial.

## COUNT I
## Breach of Contract
## (Facility Gateway v. Infinite Power)

24. Admitted and denied. The plaintiff was unable to pay for the Tampa generators until there was a generator on site. Infinite Power arranged for a rental generator so the plaintiff could get funding. That generator was delivered to the Tampa site for the plaintiff's benefit and account. The defendants had the generators available but were never paid. Infinite Power admits that it has not returned any money to the plaintiff. Infinite Power incurred substantial cost and expenses in time and materials building items for the plaintiff's orders. The plaintiff's inability to pay for the generators in a timely fashion was the reason for the delay. Infinite Power does not believe it is indebted to plaintiff is the amounts the plaintiff alleges.

25. Denied.

    a. The plaintiff is not entitled to the return of its deposit.

    b. The plaintiff is without sufficient knowledge or information to form a belief as to the truth of this allegation. Therefore this allegation is denied and strict proof thereof is demanded at trial.

    c. The plaintiff is without sufficient knowledge or information to form a belief as to the truth of this allegation. Therefore this allegation is denied and strict proof thereof is demanded at trial.

## COUNT II
## Fraud
### (Facility Gateway v Infinite Power & Shawn Vaught)

26. Denied. The defendants always had the ability and capacity to perform in accordance with the agreement with the plaintiff.

27. Denied. The defendants worked diligently to secure the generators for the plaintiff, believed the plaintiff would pay them and always believed they would be able to deliver the generators.

28. Denied. Shawn Vaught did not provide false assurances of performance to the plaintiff as it alleged in paragraphs 26 and 27.

29. Denied. See answer to paragraph 28.

30. Denied.

    a. The plaintiff is not entitled to the return of its deposit.

    b. The plaintiff is without sufficient knowledge or information to form a belief as to the truth of this allegation. Therefore this allegation is denied and strict proof thereof is demanded at trial.

    c. The plaintiff is without sufficient knowledge or information to form a belief as to the truth of this allegation. Therefore this allegation is denied and strict proof thereof is demanded at trial.

31.  The defendants are without sufficient knowledge or information to form a belief as to the veracity of the plaintiff's allegation in paragraph 31. Therefore this allegation is denied and strict proof is demanded at trial.

32.  The defendants are without sufficient knowledge or information to form a belief as to the veracity of the plaintiff's allegation in paragraph 32. Therefore this allegation is denied and strict proof is demanded at trial.

   WHEREFORE, the defendants respectfully pray this Honorable Court to find in favor of the defendants, dismiss the plaintiff's Complaint and award such other relief deemed equitable and just.

## AFFIRMATIVE DEFENSES

33.  The defendants assert the affirmative defense of performance in that the defendants were ready, willing and able to perform the contract with the plaintiff and were prevented from doing so by the plaintiff's failure to pay the purchase price.

34.  The Plaintiff breached is agreement with Infinite Power & Energy by failing to pay the purchase price.

35.  The plaintiff terminated its Tampa and Waco contracts with the defendant without paying the purchase price.

**WHEREFORE**, the defendants respectfully pray this Honorable Court to find in favor of the defendants, dismiss the plaintiff's Complaint and award such other relief deemed equitable and just.

## COUNTERCLAIM I
### (Tampa Generator Rent)

36. In November 2010, in order to assist the plaintiff on the Tampa project and to enable the plaintiff to be paid by its customer, the defendants secured a 1500KW rental generator through a Portsmouth Virginia company named Western Branch Diesel, Inc.

37. The rental period was approximately November 22, 2010 through December 19, 2010 and December 20, 2010 through January 6, 2011.

38. The generators were delivered to the plaintiff's Tampa Florida job site.

39. The defendants believe the generator was signed for by the plaintiff.

40. The total cost of the generator rental was $79, 220.68.

41. The plaintiff was obligated to pay for this generator rental and neither paid the defendants or Western Branch Diesel, Inc.

42. As a result of the plaintiff's failure to pay either the defendants or Western Branch Diesel, Western Branch Diesel sued the defendants in the Circuit Court for the City of Portsmouth Virginia and secured a default judgment related to the plaintiff's leased generator in the amount of $79,220.68[1] plus $1,762.41 interest plus interest on the principal amount at 18% from 1/31/2011 until paid in full plus court costs.

**WHEREFORE**, the defendants respectfully pray this Honorable Court to find in favor of the defendants, direct the plaintiff to pay the defendant $79,220.68 plus $1,762.41 interest plus interest on the principal amount at 18% from 1/31/2011 until paid in full plus court costs related to the Western

---

[1] The actual judgment amount was $81,220.68. $2,000.00 was part of a claim unrelated to the plaintiff.

Branch judgment and award defendants such other relief deemed equitable and just.

## COUNTERCLAIM II
### (Claim related to the 500 KW Generators)

43. The defendant expended approximately $3,000.00 to transport the 500KW generators to its Erie PA location.

44. While the 500KW generators were in the defendants' possession they expended approximately $10,000.00 in man-hours and materials to make them operational.

45. The 500KW generators have been returned to the plaintiff without compensation for the defendants' delivery costs or the improvements made to the 500KW generators.

46. The plaintiff has been unjustly enriched at the defendants' expense and the defendants are entitled to compensation.

   **WHEREFORE**, the defendants respectfully pray this Honorable Court to find in favor of the defendants, direct the plaintiff to pay the defendants $13,000.00 plus prejudgment and post judgment interest plus costs and to award defendants such other relief deemed equitable and just.

## COUNTERCLAIM III
### Breach of Contract
### (Infinite Power v. Facility Gateway)

47. The plaintiff failed the pay Infinite Power and Energy the full purchase price of the generators for the Tampa and Waco Projects as set forth above.

48. The plaintiff wrongfully terminated its relationship with Infinite Power and cancelled the contracts for the Tampa and Waco projects.

49. The plaintiff's breach of contract caused Infinite Power to lose approximately $75,000.00 in profits.

50. Infinite Power is entitled to its lost profits resulting from the plaintiff's breach of contract.

    **WHEREFORE**, Infinite Power respectfully prays this Honorable Court to find in its favor, direct the plaintiff to pay it $75,000.00 plus prejudgment and post judgment interest and costs and to award Infinite Power such other relief deemed equitable and just.

Respectfully submitted,

/s/ William T. Morton
William T. Morton, Esquire
Attorney for the Defendants
3213 West 26th Street
Erie, PA 16506
(814) 520-8700
(814) 836-1140 (fax)
State Bar No. 30307
wtmorton@erie.net

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Facility Gateway Corporation<br>    Plaintiff,<br><br>   v.<br><br>Infinite Power & Energy LLC. and<br>Shawn Vaught<br>        Defendants. | : Docket No.  1:11-cv-00085-SPB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 15, 2011, a copy of the foregoing Defendants' Answer, Affirmative Defenses & Counterclaims was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic mailing receipt.  All other parties will be served by regular mail.  Parties may access this filing through the Court's system.

                                            Respectfully submitted,

                                  ___/s/ William T. Morton_____
                                        William T. Morton, Esquire
                                        Attorney for the Defendants
                                        3213 West 26th Street
                                        Erie, PA 16506
                                        (814) 520-8700
                                        (814) 836-1140 (fax)
                                        State Bar No. 30307
                                        wtmorton@erie.net